# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

| | |
|---|---|
| In re: | |
| **Ebbin Carlton Ballard, Jr.** | Case No. 16-34012-KLP<br>Chapter 7 |
| Debtor | |

## MOTION TO APPOINT GUARDIAN AD LITEM

COMES NOW the Debtor, Ebbin Carlton Ballard, Jr., by counsel, pursuant to 11 U.S.C. § 105, the Federal Rules of Bankruptcy Procedure 1004.1 and 1016, and Local Rule 9010-1, and he hereby requests that this Honorable Court appoint a Guardian *ad litem* to protect his interests, to attend and testify for him at his § 341 meeting of creditors, to make decisions for him, to execute appropriate documents, including completing the required Debtor Education class to conclude his case, and to take all actions required by him as a debtor until the conclusion of his case.  In support thereof, the Debtor states as follows:

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, and this matter is a core proceeding under 28 U.S.C. § 157.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

3.      The Debtor commenced this Chapter 7 case with the filing of a voluntary petition on August 14, 2016.

4.      The Debtor's voluntary petition was physically signed by his lawful attorney-in-fact, his wife, Charlotte H. Ballard (hereinafter "Mrs. Ballard").  On October 19, 2013, the Debtor granted Mrs. Ballard a General Power of Attorney which appointed her as Attorney-in-Fact ("Agent") to "have full power and authority to act" on his behalf to "Prepare, sign and file documents with any governmental body or agency . . ."   A copy of the General Power of Attorney is attached hereto as EXHIBIT 1.

5.      The reason for the execution of the Power of Attorney was that the Debtor was diagnosed with septicemia, and this condition has rendered him wheelchair bound.  There was a prediction that he would worsen to the point that he would be unable to make decisions for himself.  At this time his condition has deteriorated such that he has lost his normal cognitive abilities, and he is no longer able to sign documents for himself, or to completely understand his financial affairs.   He frequently blurts out loud noises at inappropriate times.  This was, in fact, the situation on the date of the petition filing.  He was aware of his filing a bankruptcy case, and by his Power of Attorney he authorized his wife, Mrs. Ballard, to do all such acts as would be necessary to represent his interests.

6.      After his case was filed, the Debtor's condition worsened, and he now defecates several times a day in his diapers.  He is also confined in his wheelchair, and must be lifted by Mrs. Ballard into and out of an automobile in order to be transported.  She is simply not capable of the task.  For this reason he will be unable to attend and to otherwise participate in his § 341 meeting that was originally scheduled for September 19, 2016 at 11:00 a.m.

7.      With the concurrence of the Chapter 7 Trustee and the Office of the United States Trustee, the § 341 meeting was continued to October 11, 2016 at 11:00 a.m.

8.      The Debtor, by counsel, is requesting that Mrs. Ballard be appointed as Guardian *ad litem* for the limited purposes of attendance at the Debtor's § 341 meeting of creditors, making any necessary decisions for him, executing any appropriate documents, to include completing the required Debtor Education class, all in an effort to conclude his case.  The Power of Attorney grants such authority.  Also, Mrs. Ballard has intimate knowledge of her husband's finances and of the details of his bankruptcy petition.

9.      Federal Rule of Bankruptcy Procedure 1004.1 provides, in relevant part, that a court "shall appoint a guardian ad litem for an infant or incompetent person who is a debtor and is not otherwise represented."   It is herein submitted that the relevant definition of incompetence is that taken

from Dictionary.com:  a "*lack of ability*", and "in law":  "*the condition of lacking power to act with legal effectiveness*".  This does not require an adjudication, or evidence above and beyond the simple facts, as exist in this case.   Also, it is not necessary to prove mental incompetence by an adjudication of incompetency.  *Grapner v. Atl. Land Title Co.,* 307 S.C. 549, 550-51, 416 S.E.2d 617, 618 (1992) (internal citations omitted).

10.     Federal Rule of Bankruptcy Procedure 1016 allows the bankruptcy court to proceed as though the incompetency had never occurred.

11.     The Debtor signed the General Power of Attorney while lucid and obviously able to sign it on October 19, 2013.   By the time he filed his bankruptcy case on August 14, 2016, his condition had deteriorated to the point that the use of his Power of Attorney had become necessary because of his condition of being unable and therefore incompetent to sign, though he knew the details of the petition and the fact that he was filing his bankruptcy case.

12.     Now, because he is unable to do anything to assist in his case, it is necessary for the efficient administration of this case that this Court appoint a Guardian *ad litem* to protect the Debtor's interests and to do all such acts as are necessary to conclude his case.

13.     The Chapter 7 Trustee, Bruce H. Matson, does not oppose the appointment of a Guardian *ad litem* in this matter.

14.     There are two relevant cases that were recently cited in a similar case in the Alexandria Division for authority to grant a similar motion to appoint a Guardian *ad litem* in a bankruptcy case. Those cases are *In re: Mary Ann Whitehead*, No. 05-50136, 2005 WL 1819399 (Bankr. M.D.N.C. July 22, 2005) and *In re Andrew Gilpen Myers*, 350 B.R. 760 (Bankr. N.D. Ohio 2006).

WHEREFORE, the Debtor respectfully prays that this Honorable Court appoint his wife, Mrs. Ballard, as his Guardian *ad litem* to appear for him at the adjourned § 341 meeting of creditors and to do

all such other acts on behalf of the Debtor as he could or would for himself to conclude his case, and to

grant such other and further relief as is deemed appropriate.

      Dated:  September 12, 2016

                            EBBIN CARLTON BALLARD, JR.
                            By Counsel

JOHN CARTER MORGAN, JR., PLLC


 /s/ John C. Morgan
John C. Morgan, Esq. VSB # 30148
98 Alexandria Pike, Suite 10
Warrenton, VA 20186
(540) 349-3232 (FAX) 349-1278
jcm@jcmpllc.com
*Counsel for the Debtor*

## CERTIFICATE OF SERVICE

      I hereby certify that on September 12, 2016, a true copy of the foregoing Motion to Appoint Guardian *ad litem* was mailed, via first class postage paid, or served via the CM/ECF system, to Bruce H. Matson, Chapter 7 Trustee and to all necessary creditors or parties in interest who have filed requests for such notice, and to all the addresses on the attached mailing matrix.

                    /s/ John C. Morgan
                      John C. Morgan VSB # 30148